E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
SEAN D. PETERSON
Assistant United States Attorney
Chief, Riverside Branch Office
TRITIA L. YUEN (Cal. Bar No. 255468)
Assistant United States Attorney
Riverside Branch Office
     3403 Tenth Street, Suite 200
     Riverside, California 92501
     Telephone: (951) 276-6222
     Facsimile: (951) 276-6202
     Email:     Tritia.Yuen2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ED CR No. 22-00167-JGB |
| Plaintiff, | <u>UNITED STATES' SENTENCING POSITION REGARDING DEFENDANT JEREL DESJON JANUARY</u> |
| v. | |
| JEREL DESJON JANUARY, | Sentencing Date: August 26, 2024<br>Sentencing Time: 2:00 p.m. |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Tritia L. Yuen, hereby files its Sentencing Position Regarding Defendant Jerel Desjon January.

The United States' Sentencing Position is based on the attached memorandum of points and authorities, the United States Probation and Pretrial Services Office's Revised Presentence Report ("PSR"), the record of the proceedings in this case, and any further evidence and argument that the Court may permit.  The United States respectfully

requests the opportunity to supplement this Sentencing Position or to respond to defendant or the Probation Office as may become necessary.

Dated: August 12, 2024

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

SEAN D. PETERSON
Assistant United States Attorney
Chief, Riverside Branch Office

          /s/ *Tritia L. Yuen*
TRITIA L. YUEN
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

On January 13, 2022, defendant used another person's Security Identification Display Area ("SIDA") badge to enter a secure and restricted area of the Palm Springs International Airport. Defendant did this to avoid airport security checking his three bags of luggage, which he knew contained marijuana. (Plea Agreement ¶ 8.) When confronted, he lied and said that he was a current employee of the airport. (PSR ¶ 10.) He possessed this marijuana with intent to distribute it to a marijuana dispensary in Norfolk, Virginia. (Plea Agreement ¶ 8.) Because of this conduct, he pled guilty to Attempted Entry by False Pretenses to a Secure Area of an Airport, in violation of 18 U.S.C. § 1036(a)(4), (b)(1). (Docket Nos. 36, 37.)

On August 1, 2024, the United States Probation and Pretrial Services Office ("USPO") disclosed defendant's Revised PSR.[1] (Docket No. 41.) The government agrees with the Probation Officer's sentencing guidelines calculations, resulting in a total offense level of 9. (PSR ¶ 32.) As defendant is in criminal history category I, this yields a guidelines range of 4-10 months. Pursuant to the plea agreement in this matter, the government respectfully requests the Court sentence defendant to a term of time-served (approximately seven days), followed by a 30-month term of supervised release, with defendant participating in 6 months of a home detention

---

[1] Paragraph 5 of the PSR states that the government agrees to recommend a sentence at the low-end of the guidelines range. PSR ¶ 5. This is incorrect. Pursuant to the plea agreement, and as noted below in this sentencing position, the government agrees to recommend a below-guidelines sentence of time served, followed by supervised release for a term of 30 months, with defendant participating in 6 months of a home detention program.

program, and a $100 special assessment.  This sentence is warranted based on defendant's background and the offense, among other reasons.

**II.   SENTENCING GUIDELINES CALCULATIONS: RANGE OF 4 to 10 MONTHS**

The government agrees with the Probation Officer's calculations and submits that the appropriate guidelines calculation yields a total offense level of 9 and a Criminal History Category of I.  The guidelines calculation is as follows:

| | | |
|---|---|---|
| Adjusted Offense Level: | 14 | U.S.S.G. §§ 2B2.3, 2D1.1(b)(18), |
| Specific Adjustment: Zero Point Offender | -2 | U.S.S.G. § 4C1.1 |
| Acceptance of Responsibility | -3 | U.S.S.G. § 3E1.1 |
| Total: | 9 | |

(PSR ¶¶ 17-32.)  The defendant falls within Criminal History Category I for accumulating zero criminal history points.  (Id. ¶ 38.)  The resulting Guidelines range based on an offense level of 9 within Criminal History Category I is 4 to 10 months' imprisonment. (Id. ¶ 96.)

**III. GOVERNMENT'S RECOMMENDED SENTENCE: TIME SERVED, FOLLOWED BY SUPERVISED RELEASE FOR A TERM OF 30 MONTHS, WITH 6 MONTHS OF HONE DETENTION**

The Sentencing Guidelines are the "starting point and the initial benchmark" for sentencing. United States v. Carty, 520 F.3d 984, 991 (9th Cir. 2008).  After calculating the Guidelines range, the Court must consider "the nature and circumstances of the offense," and "the history and characteristics of the defendant."  18 U.S.C. § 3553(a)(1).  The Court should then consider the need for the sentence imposed:

///

2

|   |   |
|---|---|
| 1 |     (A) to reflect the seriousness of the offense, to promote |
| 2 |     respect for the law and to provide just punishment for the |
| 3 |     offense; |

(A) to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]

18 U.S.C. § 3553(a)(2). The Court should impose a sentence that is sufficient, but not greater than necessary, to satisfy these statutorily prescribed sentencing objectives. 18 U.S.C. § 3553(a).

 A below-guidelines sentence of time served, followed by 30 months of supervised release, including 6 months of home detention, is appropriate because defendant has no criminal history. Time served amounts to approximately 7 days. (PSR ¶ 7.) Although he possessed with intent to distribute a significant quantity of drugs, he did not pack the drugs. (PSR ¶¶ 11-12.) There also is no evidence that defendant transported drugs on any other occasion.

 Nevertheless, a meaningful punishment is needed to reflect the seriousness of this offense. His attempt to enter a secure area of the Palm Springs International Airport raises serious concerns about the safety and security of those traveling at a busy airport. Defendant's abuse of his prior employment with the airport and of his girlfriend's access to the secure area in an attempt to bypass security must be punished so that others will be deterred from

///

3

attempting similar conduct.  The government's recommended sentence appropriately balances the factors of 18 U.S.C. § 3553(a)(1).

**IV.  CONCLUSION**

For the foregoing reasons, the United States respectfully submits that defendant should be sentenced to time served, followed by 30 months of supervised release, with defendant participating in 6 months of a home detention program, and a $100 special assessment.