**Carlos L. Juárez, Esq.**                    SBN 86196
**Law Office of Carlos L. Juarez**
**P.O. Box 2464**
**Riverside, CA 92516**
**Phone:    (951) 742-7354**
**Fax:        (951) 742-7358**
**E-Mail:  juarezlaw52@yahoo.com**

Attorney for Defendant,
JEREL JANUARY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 5:22-CR-00167-JGB-1 |
| Plaintiff, | DEFENDANT  JEREL JANUARY'S POSITION RE: SENTENCING FACTORS |
| vs. | |
| JEREL JANUARY | DATE:  AUGUST 26, 2024 |
| Defendant, | TIME:  2:00 P.M. ESTIMATED TIME: 30 MINUTES |

Defendant Jerel January, through undersigned counsel, herewith submits his position regarding sentencing.


Dated: August 13, 2024          LAW OFFICES OF CARLOS L. JUAREZ
                                 By/s/ Carlos L. Juarez
                                 Carlos L. Juarez
                                 Attorney for Defendant
                                 JEREL JANUARY

## INTRODUCTION

On January 13, 2022, Jerel January attempted to enter a secure and restricted area at Palm Springs Airport, by swiping a Security Identification Display Area badge that was issued to his then-girlfriend Sheera Larkin (now his wife). January was found with 29, 376 grams of marijuana. January attempted to enter the secure area for purposes of possessing with intent to distribute the 29, 376 grams of marijuana dispensary in Norfolk, Virginia.

January was arrested on July 19, 2022, and released on July 27, 2022, on $15,000 Appearance Bond with Pretrial Services Supervision.

### A.    **The Charges Against January**

On July 13, 2022, an Indictment was filed charging January with a violation of 18 U.S.C. 1036(a)(4), (b)1): Attempted Entry by False Pretenses to a Secure Area of an Airport.

### B.    **The Plea Agreement**

On June 3, 2024, January pled guilty to a single-count Indictment in which he was solely named. Pursuant to a written amended plea agreement, the parties agreed to a base offense level of 16, pursuant to USSG 2B2.3 (c) (1), 2X1.1 and USSG 2D1.1 (a)(5), (c)(12).

The parties also agreed that January satisfies three requirements set forth in subdivisions (1)-(5) of subsection (a) of 5C1.2, specifically, subdivisions 5C1.2(a)(2)-(a)(4). The agreement noted if the defendant satisfies all the

requirements of 18 USC 3553 (f)(5) and USSG 5C1.2(a), then the agreed upon base offense level of 16 is reduced to 14 by application of USSG 2D1.1(b)(18).

There is no agreement on January's criminal history and the Government also agreed to recommend up to a three-level acceptance of responsibility pursuant to USSG 3E1.1. The plea agreement recommended a sentence of time served, followed by supervised release for a term of 30 months, with the defendant participating in 6 months of a home detention program.

## C.  __The Pre-Sentence Report (PSR) and Recommendation Letter__

The United States Probation Office issued its Presentence Report on August 1, 2024. In the PSR, the Probation Office determined the following: the base offense level was also 16 with a two-level reduction for the safety valve provision, bringing the adjusted offense level to 14. As January has zero criminal history points, he was given the zero-point offender adjustment of 2 which results in level 12. A three-level reduction for timely acceptance of responsibility was then applied resulting in a total offense level of 9.

With no criminal history points, January is in the criminal history category of I. The advisory guideline sentence is 4-10 months incarceration with the PSR recommending a variance sentence of 1 year probation, mental health treatment, and 60 hours of community service.

## D.  __The Government's Position__

The Government filed their position on August 12, 2024, and agrees with the Probation Officer's sentencing guideline calculations, resulting in a total

offense level of 9. As noted, the advisory sentence would be 4-10 months and the government respectfully submitted a sentence of time served (approximately seven days), followed by a 30-month term of supervised release, with January participating in 6 months of home detention was appropriate.

## E.    **The Defendant's Position**

The defendant agrees with the Probation Offices computation as it mirrors the plea agreement between January and the Government. The level calculations of the PSR and Government are correct. However, January asks for a probationary sentence as also requested in the PSR.

A probationary sentence would satisfy the goals of sentencing and would reflect adequate consideration of numerous 3553 factors. As such, January should be awarded a variance with  reasonable and just sentence of time served in this case.

## F.    **The Nature of the Defense**

The facts of the case are well known to the Court. January made a foolish and aberrant mistake in participating in this offense. His participation in this offense stems from a lifelong struggle with mental health and other psychological issues wherein he felt the need to be wanted and admired by others. In this case, it was January left holding the proverbial ball and now faces the consequences for his poor, ill-conceived participation in this instant offense.

### G.  <u>Overstatement of Criminal History</u>

January's personal history and characteristics are important factors for consideration. It is undisputed  and widely reported in the PSR and Letter that January grew up witnessing significant domestic violence and abuse which caused a significant rift within his family and more directly, in his ability to have a relationship with his father. Further, January was diagnosed with Type 1 diabetes which forced lifestyle changes and created a complex within the young and insecure January.

January has endured trials and tribulations since he was a young boy and sadly, at the age of 12 attempted suicide as he felt different than his peers and siblings. The domestic abuse he witnessed of his mother by his father greatly impacted him and still impacts him to this day. The aggressive and dominating manner of parenting that was bestowed on him in his home has led to mental health and complex issues within this young man. To his credit, he has taken the necessary steps to remedy these issues and is self-aware of what his triggers are.

January is a father now to three children, all of whom he deeply cares for and adores. He is now married to his long-time girlfriend and is committed to being a better person, husband, and father for the sake of his family. His need to be accepted, low self-esteem, and immaturity contributed to his judgment in this offense. He has come to grips with these issues and has been working extremely hard on himself and his problems to become a better, contributing person of society. As noted in the PSR, he is fully compliant with Pretrial supervision and

court ordered DTR (Detection and Treatment Resources) January is hopeful the Court will give these 3553 factors ample consideration come sentencing.

**H.   Respect For the Law**

January does not have a criminal history and this bodes well for his future success. This was an aberrant incident that should not define any otherwise law-abiding citizen. It is agreed and acknowledged that his involvement in this offense was foolish and irresponsible. The environment he grew up in greatly influenced his self-esteem and worthiness, he has taken steps to rectify these issues. Respect for the law starts with respect for oneself, January is learning this and is committed to staying of the system. He has significant redeeming values about himself and is thankful for a second opportunity. Counseling and mental health assistance has greatly facilitated this. He understands that this will only increase his likelihood of success out of custody and prays the Courts will consider such at the time of sentencing.

From the outset, he has done his best to be truthful and forthcoming with all government officials, as well as the Probation Officer during the course of the presentence investigation. This arrest has forced January to mature and readily accept full responsibility for his conduct.

**I.   Adequate Deterrence**

As noted, January has utilized DTR to become more self-aware and to learn how to identify psychological triggers that have caused much hardship for him in his life. He is learning to develop coping strategies to maintain well-being

and to make meaningful lifestyle choices. January has expressed a desire to turn his life around and do some soul searching to better his situation. He is both personable and employable and deserves credit for taking steps to better himself.

January has some college experience and is a personable and educated man, very well spoken and versed, polite and charming. He has a verifiable employment history working as a licensed security guard with a permit to carry a firearm for numerous agencies. Those opportunities have obviously changed with his arrest in this case, he is not above hard work and has been driving for numerous companies since 2020. He has work experience in loss prevention, retail, and in customer service. He understands the value of a hard work ethic and is held in high regard by employers and fellow associates. This bodes well for the likelihood of continued success upon judgment. January is confident that he is on the straight and narrow and readily accepts responsibility for his foolish conduct.

**CONCLUSION**

January asks for a reasonable sentence of probation. This is based on the appropriate level computations and reductions, as well as other significant 3553 factors.

Respectfully submitted,

Dated: <u>August 13, 2024</u>        LAW OFFICE OF CARLOS L. JUAREZ
                                    By <u>/s/ Carlos L. Juarez</u>
                                    Carlos L. Juarez
                                    Attorney for Defendant
                                    JEREL JANUARY